# EXHIBIT A

**UNIVERSAL STUDIOS HOME ENTERTAINMENT LLC**
**AND**

---

**VENDING MACHINE**
**REVENUE SHARING TERM SHEET**
**2008**

| | |
|---|---|
| **DATE:** | As of [          ] (the "Effective Date") |
| **PARTIES:** | _____ ("Retailer"); Universal Studios Home Entertainment LLC ("USHE") |
| **TERRITORY:** | United States |
| **TITLE:** | To the extent USHE controls the necessary rights, it shall make available to Retailer all Universal titles (i.e., Universal Pictures, Focus, and Rogue) and distributed labels (each, a "Title"). |
| **COVERED FORMAT:** | Standard definition DVD, and, if and when mutually acceptable terms are agreed upon, Blu-ray. |
| **LICENSE:** | Vending machine revenue sharing retail Transaction (defined below) rental license only. USHE expressly reserves all other rights. |
| **AGREEMENT TERM** | The agreement term shall commence on the Effective Date and continue through December 31, 2010. |
| **REVENUE SHARING PERIOD:** | Twenty-six (26) weeks commencing at Vending Rental Window. Vending Rental Window commences forty-five (45) days following DVD sell-through street date established by USHE with respect to a Title. |
| **UNITS:** | **Units Per Machine** |

**Units Per Machine**

| GBO | MAX |
|---|---|
| GBO < $20MM | 2 |
| $20MM<= GBO <$30MM | 3 |
| $30MM<= GBO <$40MM | 4 |
| $40MM<= GBO < $50MM | 5 |
| $50MM<= GBO <$75MM | 6 |
| GBO >=$75MM | 8 |
| | |
| DVD Premieres | 2 |
| All Other | 2 |

| | |
|---|---|
| **SHIPPING:** | USHE shall deliver the Units of each Title to distribution centers designated by Retailer, no more than _____ (_____). USHE shall ship the Units for arrival at such locations _____ [when] conditioned on timely order and payment by Retailer. |
| **UPFRONT MINIMUM GUARANTEE:** | All titles with a GBO of $50MM or greater  -- $12.00 per unit of a Title ("Unit")<br>All Titles with a GBO of $20MM to $50MM-- $10.00 per Unit.<br>All Titles with a GBO under $20MM -- $8.00 per Unit. |
| **RENTAL SHARE:** | During the Revenue Sharing Period for each Title, Retailer shall pay to USHE the greater of (i) 40% of all Rental Revenue (defined below) with respect to each and every Unit of a Title; or (ii) $.40 per Transaction for each Transactions for each Unit("Rental Share"). "Rental Revenue" is defined as Retailer's prevailing rental rate (at a floor of $.99 per Transaction (defined below) multiplied by the number of Transactions during the Revenue Sharing Period, and any additional fees charged by Retailer relating to Units.  For the avoidance of doubt, no deductions against Rental Revenue shall be applied prior to calculation of USHE's Rental Share.<br><br>"Transaction" is defined as a single-night retail rental transaction (i.e., twenty-four (24) hours maximum) involving a Unit, whether or not monies are actually collected in connection with such Transaction.<br><br>In the event a unit is lost stolen or otherwise missing, Retailer shall pay USHE the wholesale cost established by USHE for such Unit of such Title, less the Upfront Minimum Guarantee paid and any overages paid on such Unit. |
| **CERTIFIED DESTRUCTION:** | Retailer shall destroy 100% of the units removed from an active rental machine and shall certify the same to USHE in a sworn statement.  For the avoidance of doubt, Retailer shall destroy promptly each Unit at the end of such Title's Rental Revenue Period and shall certify the same to USHE in a sworn statement. |
| **PAYMENT:** | The Minimum Guarantee with respect to a Title shall be payable net 30 days from invoice.  Overages shall be reported monthly and paid net 15 days from the report. |
| **REPORTING:** | Reporting shall be conducted through a USHE-approved third party. Retailer shall on a weekly basis provide USHE with complete and accurate electronic reports of daily Revenue Share, Rental Revenue, and Transactions by Title by machine (identified by number and location), in a form and format per USHE's reasonable approval. |

| | |
|---|---|
| **AUDITING:** | Retailer shall keep complete and accurate books and records. Upon prior written notice, USHE shall have the right to cause Retailer's records and machines to be audited by an independent auditor. Retailer's payments shall be adjusted appropriately on the basis of any such audit. If any such audit discloses a liability of five percent (5%) or greater of the original amount owed from Retailer to USHE, the cost of such audit shall be borne by Retailer. USHE's right to audit shall extend two (2) years following the end of the Revenue Sharing Period for each Title. |
| **REPRESENTATIONS AND WARRANTIES:** | Retailer represents and warrants that it has full authority, capacity and ability to execute this agreement and to perform all of its obligations hereunder. Retailer will defend, indemnify and hold USHE, its directors, officers and employees, harmless from any material breach of the representations, warranties or covenants made by Retailer to USHE pursuant to this agreement.<br>USHE represents and warrants that it has full authority, capacity and ability to execute this Agreement and to perform all of its obligations hereunder. USHE will defend, indemnify and hold Retailer, its directors, officers and employees harmless from any material breach of the representations, warranties and covenants made by USHE to Retailer pursuant to this agreement. |
| **INDEMNITY** | INDEMNIFICATION BY RETAILER: Retailer will, at its own expense, indemnify, save and hold harmless USHE, its parents, subsidiaries, affiliates, successors, assigns and Retailers, and their respective officers, members, directors, agents and employees (each, a "USHE Indemnified Party"), from and against any and all any third party claims, liabilities, losses, damages, costs and expenses (including reasonable outside attorneys' fees), incurred or sustained by any USHE Indemnified Party arising out of or in connection with any breach or alleged breach, finally sustained, of any of the representations, warranties, covenants, or agreements herein made by Retailer. In the event that any person makes any third party claim or institutes any suit or proceeding alleging any facts, which if true, would constitute a breach by Retailer of any representation, warranty, covenant and/or agreement herein expressly made or is otherwise made in connection with the withdrawal of an Authorized Retailer by USHE, USHE will give prompt written notice of same to Retailer, and Retailer will undertake at its own cost and expense the defense thereof and will supply competent and experienced counsel to defend any such suit or proceeding. If Retailer will fail to promptly appoint competent and experienced counsel, then USHE may engage its own counsel and the reasonable charges made in connection therewith will be paid by Retailer. If any USHE Indemnified Party will settle or |

|  | compromise any such suit, claim or proceeding, then the cost will be charged to Retailer if, and only if, such settlement or compromise was made with Retailer's prior written approval, which approval will not be unreasonably withheld.

TAX INDEMNIFICATION BY RETAILER:  Retailer will be solely responsible for the collection and payment of any sales, use, property, franchise, doing business and other taxes that may arise in connection with Retailer's activities, conduct, payment or possession of units pursuant to this Agreement.  Retailer agrees to defend, indemnify and hold harmless USHE from and against any and all such taxes.  Any income, sales or other taxes required to be withheld or paid from any payments hereunder will be borne by Retailer and Retailer will remit to USHE the gross amount of any payments without any deduction or withholding of such taxes; provided in an instance in which a United States tax credit is available to USHE with respect to taxes withheld in connection with royalties payable hereunder, Retailer may withhold such taxes, provided Retailer will notify USHE of the amount so withheld and the source thereof, will assign to USHE any right to claim such tax credit, will make available to USHE all necessary receipts and other documentation, and will take all necessary actions to enable USHE to claim such tax credit.  Retailer will obtain at its expense all permits for the making of any and all payments to USHE hereunder. |
|---|---|
| **CONFIDENTIALITY:** | Each party acknowledges that by reason of its relationship to the other party hereunder it will have access to proprietary and confidential information of the other party that relates to or is derived from a party's business, financial, strategic, technological, marketing or creative affairs, or to any other matter that the a party is advised or has reason to know is the confidential or proprietary information of the other.  Each party agrees that it shall not disclose to any third party, any such information revealed to it as a result of or arising out of the relationship hereunder (other than to fulfill its obligations under this Agreement) except:  (a) to the extent necessary to comply with law, administrative order or rule or the valid order or decree of a court of competent jurisdiction, in which event the party making such disclosure shall so notify the other and shall seek confidential treatment of such information, (b) as part of its normal reporting or review procedure to its partners, divisions, corporate affiliates, financiers, financial advisers, auditors and attorneys, and profit participants (to the extent deemed necessary by the disclosing party), provided, however, that any and all such parties agree to be bound by the provisions of this paragraph and (c) in order to enforce its rights pursuant to this Agreement.  The terms of this Agreement are also to be kept confidential except as may otherwise be required to comply |

|                        | with a court order or federal securities laws. Each party shall take every reasonable precaution to protect the confidentiality of such information. |
|------------------------|------------------------------------------------------------------------------------------------------------------------------------------------------|
| **GENERAL PROVISIONS** | This term sheet sets forth the entire agreement and understanding of the parties with respect to the subject matter hereof, and cannot be amended except by a writing signed by each party. The parties shall in good faith negotiate a longform agreement consistent herewith; provided, however, this term sheet shall be final and binding until such longform is fully-execute. |

This agreement will be governed by the laws of the state of California, without reference to its choice of law rules.

No waiver of any provision of this agreement shall constitute a continuing waiver, and no waiver shall be effective unless made in a signed writing.

Notices and other communications required or permitted to be given hereunder shall be given in writing and delivered in person, sent via certified mail, or delivered by nationally-recognized courier service, properly addressed and stamped with the required postage, for USHE to the attention of Jamie Guzzaldo, at the address set forth under its name below, with a copy to Vice President, Business & Legal Affairs, and for Retailer to the person signing this Agreement on behalf of the applicable party at its address specified below (and with a copy addressed to the applicable party's General Counsel at such address) and shall be deemed effective upon receipt. Either party may from time to time change the person to receive notices or its address by giving the other party notice of the change in accordance with this Section.

In the event of any action in connection with this Agreement, the damages that may be awarded shall be limited to any actual damages suffered. IN NO EVENT SHALL EITHER PARTY BE LIABLE FOR ANY SPECIAL, INCIDENTAL, CONSEQUENTIAL, EXEMPLARY, OR PUNITIVE DAMAGES, OR ANY CLAIM FOR LOSS OF PROFITS, LOST BUSINESS, OR LOST BUSINESS OPPORTUNITIES, EVEN IF THE OTHER PARTY HAS BEEN ADVISED OF THE POSSIBILITY OF SUCH DAMAGES.

Neither party may assign this agreement or its rights or obligations hereunder without the other party's prior written consent, which shall not be unreasonably withheld, other than to its corporate affiliates or in connection with any merger, consolidation, reorganization, sale of all or substantially all of its assets, or similar transaction.

| | *[Signatures on following page.]* |
|---|---|



UNIVERSAL STUDIOS HOME ENTERTAINMENT LLC

By_____

      Name:

      Title:

      [Please insert address information]

RETAILER:

_____

By:_____