IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| REDBOX AUTOMATED RETAIL, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>UNIVERSAL STUDIOS HOME ENTERTAINMENT, LLC, UNIVERSAL CITY STUDIOS, LLLP, UNIVERSAL CITY STUDIOS PRODUCTIONS, LLLP, and FOCUS FEATURES, LLC,<br><br>    Defendants. | Civil Action No. 08-766 (RBK) |

## ANSWER TO FIRST AMENDED COMPLAINT

OF COUNSEL:

Glenn D. Pomerantz (CA Bar No. 112503)
David C. Dinielli (CA Bar No. 177904)
MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue, 35th Floor
Los Angeles, CA 90071-1560

Paul H. Zoubek (PA Bar No. 36716)
R. Monica Hennessy (PA Bar No. 77928)
MONTGOMERY, McCRACKEN,
WALKER & RHOADS, LLP
457 Haddonfield Road, Suite 600
Cherry Hill, NJ 08002

Dated: August 31, 2009

R. Montgomery Donaldson (DE Bar 4367)
Lisa Zwally Brown (DE Bar 4328)
**MONTGOMERY, McCRACKEN,
WALKER & RHOADS, LLP**
1105 N. Market St., Suite 1500
Wilmington, DE 19801
(302) 504-7800
*Counsel for Defendants
Universal Studios Home Entertainment, LLC,
Universal City Studios, LLLP, Universal City
Studios Productions, LLLP, and Focus
Features LLC*

Universal Studios Home Entertainment LLC, Universal City Studios LLLP, Universal City Studios Productions LLLP, and Focus Features LLC (collectively "Universal") hereby answer Redbox Automated Retail, LLC's First Amended Complaint, and, for their counterclaims, allege as follows:

## OVERVIEW

1. Universal is without knowledge sufficient to form a belief as to the truth of the allegations of this paragraph, and, on that basis, denies them.

2. Universal admits that Exhibit A is a copy of a proposed Revenue Sharing Agreement it presented to Redbox Automated Retail, LLC ("Redbox"), which is the best evidence of its contents. Universal denies the remainder of this paragraph.

3. Denied.

4. Denied.

5. Denied.

6. Denied.

## THE PARTIES

7. Universal is without knowledge sufficient to form a belief as to the truth of the allegations of this paragraph, and, on that basis, denies them.

8. Admit that Universal Studios Home Entertainment LLC (erroneously named as Universal Studios Home Entertainment, LLC) is a Delaware limited liability company with its principal place of business in Universal City, California. Universal denies the remainder of the allegations of this paragraph.

9. Admit that Universal City Studios Production LLLP (erroneously named as Universal City Studios Production, LLLP) is a limited liability limited partnership organized under the laws

- 1 -

of the State of Delaware with its principal place of business in Universal City, California. Universal denied the remainder of the allegations of this paragraph.

10. Admit that Universal City Studios LLLP (erroneously named as Universal City Studios, LLLP) is a limited liability limited partnership organized under the laws of the State of Delaware with its principal place of business in Universal City, California. Universal denies the remainder of the allegations of this paragraph.

11. Admit that Focus Features LLC (erroneously named as Focus Features, LLC) is a limited liability company organized under the laws of the State of Delaware with its principal place of business in Universal City, California. Universal denies the remainder of the allegations of this paragraph.

12. Admit that USHE is an affiliate of Universal City Studios Productions. Universal denies the remainder of the allegations of this paragraph.

13. Admit that USHE is an affiliate of Universal City Studios. Universal denies the remainder of the allegations of this paragraph.

14. Admit that USHE is an affiliate of Focus Features. Universal denies the remainder of the allegations of this paragraph.

15. Paragraph 15 contains no allegations of fact and therefore does not require an admission or denial.

## THE NON-PARTY DISTRIBUTORS

16. Universal is without knowledge sufficient to form a belief as to the truth of the allegations of this paragraph, and, on that basis, denies them.

17. Universal is without knowledge sufficient to form a belief as to the truth of the allegations of this paragraph, and, on that basis, denies them.

## JURISDICTION AND VENUE

18. Paragraph 18 consists exclusively of legal conclusions and therefore does not require an admission or denial.

19. Paragraph 19 consists exclusively of legal conclusions and therefore does not require an admission or denial.

20. Paragraph 20 consists exclusively of legal conclusions and therefore does not require an admission or denial.

21. Paragraph 21 consists exclusively of legal conclusions and therefore does not require an admission or denial.

## FACTUAL ALLEGATIONS

### A.   Redbox's Consumer-Friendly Business Model

22. Denied.

23. Universal is without knowledge sufficient to form a belief as to the truth of the allegations of this paragraph, and, on that basis, denies them.

24. Universal is without knowledge sufficient to form a belief as to the truth of the allegations of this paragraph, and, on that basis, denies them.

25. Universal is without knowledge sufficient to form a belief as to the truth of the allegations of this paragraph, and, on that basis, denies them.

26. Universal is without knowledge sufficient to form a belief as to the truth of the allegations of this paragraph, and, on that basis, denies them.

### B.   The Market For Redbox DVD Rental

27. Universal is without knowledge sufficient to form a belief as to the truth of the allegations of this paragraph, and, on that basis, denies them.

28. Universal is without knowledge sufficient to form a belief as to the truth of the allegations of this paragraph, and, on that basis, denies them.

29. The allegation in this paragraph purporting to paraphrase a particular prior statement by Universal does not identify the statement sufficiently to permit the Universal to admit or deny that it made such a statement; on this basis, Universal denies the allegation. Universal is without knowledge sufficient to form a belief as to the truth of the remainder of the allegations of this paragraph, and, on that basis, denies them.

30. The allegation in this paragraph purporting to paraphrase a particular prior statement by Universal does not identify the statement sufficiently to permit the Universal to admit or deny that it made such a statement; on this basis, Universal denies the allegation. Universal is without knowledge sufficient to form a belief as to the truth of the remainder of the allegations of this paragraph, and, on that basis, denies them.

31. Universal admits that the date on which a DVD is released and made available for home viewing is known as the "street date." The allegation in this paragraph that constitutes Redbox's definition of "new-release" DVD is not an allegation of fact, and therefore does not require an admission or denial. Universal is without knowledge sufficient to form a belief as to the truth of the remainder of the allegations of this paragraph, and, on that basis, denies them.

32. Universal is without knowledge sufficient to form a belief as to the truth of the allegations of this paragraph, and, on that basis, denies them.

33. Universal denies that it implemented a "boycott" or engaged in "interference" or exerted "unlawful pressure." Universal is without knowledge sufficient to form a belief as to the truth of the remainder of the allegations of this paragraph, and, on that basis, denies them.

34. Universal denies that Redbox has a supply contract that obligates Ingram to sell Universal DVDs to Redbox, based on the Court's ruling on Universal's motion to dismiss. Universal is without knowledge sufficient to form a belief as to the truth of the remainder of the allegations of this paragraph, and, on that basis, denies them.

35. Universal is without knowledge sufficient to form a belief as to the truth of the allegations of this paragraph, and, on that basis, denies them.

36. Universal denies that Redbox has a supply contract that obligates VPD to sell Universal DVDs to Redbox, based on the Court's ruling on Universal's motion to dismiss. Universal is without knowledge sufficient to form a belief as to the truth of the remainder of the allegations of this paragraph, and, on that basis, denies them.

37. Universal denies that it implemented a "boycott." Universal is without knowledge sufficient to form a belief as to the truth of the remainder of the allegations of this paragraph, and, on that basis, denies them.

### D.  The New-Release DVD Industry And Market

38. Denied.

39. Universal denies that "a particular new-release DVD is not an acceptable substitute for another new-release DVD." Universal is without knowledge sufficient to form a belief as to the truth of the remainder of the allegations of this paragraph, and, on that basis, denies them.

40. Universal admits that "Wanted" was released on Tuesday, December 2, 2008. Universal is without knowledge sufficient to form a belief as to the truth of the remainder of the allegations of this paragraph, and, on that basis, denies them.

41. Denied.

### E.     August 26, 2008 Meeting Between Redbox And USHE

42. Universal admits that USHE representatives Jamie Guzzaldo and Dick Longwell as well as a USHE in-house lawyer and an account representative visited Redbox's headquarters. Universal is without knowledge sufficient to form a belief as to the truth of the remainder of the allegations of this paragraph, and, on that basis, denies them.

43. Universal admits that it provided the proposed Revenue Sharing Agreement to Redbox at the August 26, 2008 meeting. Universal denies the remainder of the allegations of this paragraph.

44. Denied.

45. Denied.

46. Denied.

47. Universal admits that Redbox did not sign the proposed Revenue Sharing Agreement, and that it directed Ingram and VPD no longer to sell Universal DVDs to Redbox, but denies that this direction was wrongful. Universal is without knowledge sufficient to form a belief as to the truth of the remainder of the allegations of this paragraph, and, on that basis, denies them.

48. Denied.

49. Universal denies that it has implemented a "boycott." Universal is without knowledge sufficient to form a belief as to the truth of the remainder of the allegations of this paragraph, and, on that basis, denies them.

50. Universal denies that it "has demanded that Best Buy and Walmart retail stores cease or severely limit their sales of Universal DVDs to Redbox." Universal is without knowledge sufficient to form a belief as to the truth of the remainder of the allegations of this paragraph, and, on that basis, denies them.

51. Denied.

    F.    **Defendants' Revenue Sharing Agreement And Related Actions Are Unlawful And Substantially Harms [sic] Consumers, As Well As Redbox**

52. Denied.

53. Denied.

54. The allegation in this paragraph purporting to quote a particular prior statement by Universal does not identify the statement sufficiently to permit the Universal to admit or deny that it made such a statement; on this basis, Universal denies the allegation. Universal denies the remainder of the allegations of this paragraph.

55. Denied.

56. Universal is without knowledge sufficient to form a belief as to the truth of the allegations regarding pricing of various methods of home motion picture viewing, and, on that basis, denies them. Universal denies the remainder of the allegations of this paragraph.

## COUNT 1

## DECLARATORY RELIEF: COPYRIGHT MISUSE

57. This paragraph appears in a count that the Court has dismissed, and therefore requires no response.

58. This paragraph appears in a count that the Court has dismissed, and therefore requires no response.

59. This paragraph appears in a count that the Court has dismissed, and therefore requires no response.

60. This paragraph appears in a count that the Court has dismissed, and therefore requires no response.

61. This paragraph appears in a count that the Court has dismissed, and therefore requires no response.

62. This paragraph appears in a count that the Court has dismissed, and therefore requires no response.

63. This paragraph appears in a count that the Court has dismissed, and therefore requires no response.

## COUNT II

## SHERMAN ANTITRUST ACT: QUICK LOOK DOCTRINE

64. Universal admits or denies the incorporated paragraphs as set forth above.

65. Paragraph 65 consists exclusively of legal conclusions and therefore does not require an admission or denial.

66. Denied.

67. Denied.

68. Denied.

## COUNT III

## SHERMAN ANTITRUST ACT: RULE OF REASON

69. Universal admits or denies the incorporated paragraphs as set forth above.

70. Denied.

71. Paragraph 71 consists exclusively of legal conclusions and therefore does not require an admission or denial.

72. Denied.

73. Denied.

74. Denied.

## COUNT IV

## SHERMAN ANTITRUST ACT: RESTRAINT OF TRADE

75. Universal admits or denies the incorporated paragraphs as set forth above.

76. Paragraph 76 consists exclusively of legal conclusions and therefore does not require an admission or denial.

77. Denied.

78. Denied.

79. Denied.

## COUNT V

## SHERMAN ACT: VIOLATION OF SECTION 1

80. Universal admits or denies the incorporated paragraphs as set forth above.

81. Paragraph 81 consists exclusively of legal conclusions and therefore does not require an admission or denial.

82. Denied.

83. Denied.

84. Denied.

## COUNT VI

## INTENTIONAL INTERFERENCE WITH CONTRACTUAL/BUSINESS RELATIONSHIPS

85. This paragraph appears in a count that the Court has dismissed, and therefore requires no response.

86. This paragraph appears in a count that the Court has dismissed, and therefore requires no response.

87. This paragraph appears in a count that the Court has dismissed, and therefore requires no response.

88. This paragraph appears in a count that the Court has dismissed, and therefore requires no response.

89. This paragraph appears in a count that the Court has dismissed, and therefore requires no response.

90. This paragraph appears in a count that the Court has dismissed, and therefore requires no response.

91. This paragraph appears in a count that the Court has dismissed, and therefore requires no response.

92. This paragraph appears in a count that the Court has dismissed, and therefore requires no response.

## DEMAND FOR JURY

No response to this demand is required.

## PRAYER FOR RELIEF

Universal denies all allegations found in Redbox's "Prayer For Relief," and specifically denies that Redbox is entitled to any relief whatsoever by reason of this lawsuit.

## AFFIRMATIVE DEFENSES

93. Redbox's recovery of damages is barred by the doctrine of unclean hands.

94. Redbox has failed to join all necessary and indispensible parties to the claim.

WHEREFORE, Universal prays that judgment be entered in its favor, that Plaintiff take nothing by reason of its First Amended Complaint, and that Universal be awarded its costs and attorneys' fees and such other relief as may be appropriate and just.

OF COUNSEL:

Glenn D. Pomerantz, Bar No. 112503
David C. Dinielli, Bar No. 177904
Munger, Tolles & Olson LLP
355 South Grand Avenue
Thirty-Fifth Floor
Los Angeles, CA  90071-1560


Paul H. Zoubek
(PA Bar I.D. No. 36716)
R. Monica Hennessy
(PA Bar I.D. No. 77928)
**MONTGOMERY, MCCRACKEN,**
 **WALKER & RHOADS, LLP**
Liberty View
457 Haddonfield Road, Suite 600
Cherry Hill, NJ 08002
(856) 488-7700

Dated: August 31, 2009

Respectfully submitted,

*/s/ Lisa Zwally Brown*
R. Montgomery Donaldson (DE Bar ID 4367)
*rdonaldson@mmwr.com*
Lisa Zwally Brown (DE Bar ID 4328)
*lzbrown@mmwr.com*
**MONTGOMERY, MCCRACKEN,**
**WALKER & RHOADS, LLP**
1105 N. Market St, Suite 1500
Wilmington, DE 19801
(302) 504-7800
*Counsel for Defendants Universal Studios Home Entertainment, LLC, Universal City Studios, LLLP, Universal City Studios Productions, LLLP, and Focus Features, LLC*